IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAYSON E. H.,[1] | ) | Civil No.: 6:17-cv-01844-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| Defendant. | ) | |
| | ) | |

JELDERKS, Magistrate Judge:

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 3138(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Supplemental Security Income (SSI) under the Social Security Act (the Act). Plaintiff requests that the Court remand this action to the Social Security Administration (the Agency) for immediate payment of benefits or, in the alternative, for further proceedings.

For the reasons set out below, the Commissioner's decision should be reversed and remanded for further proceedings.

---

[1] In the interest of privacy, this Findings and Recommendation uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

FINDINGS AND RECOMMENDATION – 1

## Procedural Background

Plaintiff protectively filed an application for SSI on August 24, 2015 alleging he had been disabled since August 18, 2013. After his claim was denied initially and upon reconsideration, Plaintiff requested an administrative hearing.

On May 1, 2017, a hearing was held before Administrative Law Judge (ALJ) Mark Triplett. Plaintiff and Frank Lucas, an impartial vocational expert (VE), testified at the hearing. Plaintiff was represented by counsel.

In a decision dated May 16, 2017, the ALJ found that Plaintiff had not been disabled within the meaning of the Act at any time from his application date through the date of the decision.

On September 22, 2017, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. In the present action, Plaintiff challenges that decision.

## Background

Plaintiff was born in 1973 and was 43 years old at the time of the ALJ's decision. Tr. 26. He completed two years of college and has past relevant work as a construction worker. Tr. 181, 26.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary

of the five steps, which also are described in *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

  Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 416.920(b).

  Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 416.920(c).

  Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 416.920(d).

  Step Four. The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 416.920(f).

  Step Five. The Commissioner determines whether the claimant is able to do any other

work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(g)(1).

At Steps One through Four, the burden of proof is on the claimant. *Tackett*, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id.*

## **ALJ's Decision**

At Step One, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 24, 2015, the application date.

At the second step, the ALJ found that Plaintiff had the following severe impairments: hernia and chronic liver disease.

At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

Before proceeding to the fourth step, the ALJ assessed Plaintiff's residual functional capacity (RFC). He found that Plaintiff retained the capacity to perform a range of sedentary

work, specifically that he

> Can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; he can stand and/or walk for six hours out of an eight-hour workday with regular breaks; he can sit for six hours out of an eight-hour workday with regular breaks. The claimant is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. The claimant is further limited to no more than occasional climbing of ramps and stairs and never climbing ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can tolerate occasional exposure to fumes, odors, dust, gases, and poor ventilation. The claimant can tolerate no more than occasional exposure to workplace hazards.

Tr. 23-24. In making this determination, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.

At Step Four of the disability analysis and based on testimony from the VE, the ALJ found that Plaintiff was unable to perform his past relevant work.

At the fifth step, the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy. Based upon testimony from the VE, the ALJ cited document preparer, ticket checker, and charge account clerk as representative of the type of work Plaintiff could perform. Tr. 27. Having concluded that Plaintiff could perform other work, the ALJ found that Plaintiff had not been under a disability within the meaning of the Act since August 24, 2015, the date his application was filed. Tr. 28.

### Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. *Roberts v. Shalala*, 66

F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process. *Tackett*, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## Discussion

In challenging the Commissioner's decision, Plaintiff's single contention is that the ALJ erred by failing to provide legally sufficient reasons for rejecting his subjective symptom testimony and, as a result, that testimony should be credited as true.

### I. Plaintiff's Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so."

*Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted). If substantial evidence supports the ALJ's determination, it may be upheld even if some of the reasons cited by the ALJ are erroneous. *Carmickle v. Comm'r of Sec. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Plaintiff testified that due to his hernia he could not bend down to put on shoes and used a cane to get up and down. Tr. 42, 44-45. His medications caused his days to be "fuzzy." Tr. 41. He testified he was fatigued "[a]ll the time," and was not able to wake up in the mornings even with the use of an alarm. Tr. 42, 46. Sleep, not medication, was "the only thing that really helps" with pain management. Tr. 50. He sleeps most of the day and has sometimes slept for three days at a time. Tr. 46, 47. Due to his Crohn's disease and the medications he takes he has to use the bathroom every hour to hour and a half. Tr. 43, 47. Although some trips to the restroom are "easy," sometimes he is there anywhere from two to five minutes each time. Tr. 51. He does not do household chores, prepare meals, or go to the grocery store. Tr. 54.

Plaintiff contends that the ALJ offered only the typical boilerplate statement that Plaintiff's symptom allegations were inconsistent with the medical and other evidence of record and a "cursory summary" of the treatment record. Pl. Brief at 10. Plaintiff argues that, in doing so, the ALJ failed to specifically identify the testimony he found inconsistent with the record and link that testimony to the particular parts of the record that supported his decision.

The Commissioner first asserts that because the ALJ stated in his decision that he "generously consider[ed] the claimant's subjective complaints" and imposed greater limitations than that assessed by the State agency medical consultants, the ALJ "largely credited Plaintiff's

subjective complaints." Def. Brief at 11 (citing Tr. 26). The Commissioner's argument is unavailing. Even if the ALJ did "generously consider" Plaintiff's statements, it is impossible for the court to ascertain that fact because the ALJ failed to provide any reasoning for his findings regarding Plaintiff's symptom testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1103 (9th Cir. 2014) (ALJ's vague allegations without any "specific findings in support" of that conclusion are insufficient for court's review)(quoting V*asquez v. Astrue,* 572 F.3d 586, 592 (9th Cir. 2009); *see also, Garrison*, 759 F.3d at 1014-15; *Lester*, 81 F.3d at 834 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."); *Brown-Hunter v. Colvin*, 806 F.2d 487, 493 (9th Cir. 2015)(ALJ's reasoning "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds.").

      The Commissioner then argues that the ALJ did provide specific, clear and convincing reasons to support his finding. In support of this argument, the Commissioner provides a *post hoc* narrative of the medical evidence and how it supports the ALJ's conclusions. However, a review of the ALJ's decision reveals that the ALJ failed to include any analysis or specific support for his conclusions. Beyond a brief summary of certain aspects of the medical record and the boilerplate statement finding inconsistency, the ALJ offers no reasoning for rejecting Plaintiff's testimony regarding medication making him "fuzzy," his need to sleep for extensive periods of time, to lie down during the day, and to use the restroom frequently and, sometimes, at length. "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler*, 775 F.3d at 1103 (citing *Holohan v.*

*Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001). No such analysis is present here. The ALJ thus erred in his rejection of Plaintiff's symptom testimony.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. 42 U.S.C. § 405(g); *Treichler*, 775 F.3d at 1099; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). As discussed above, the ALJ here committed harmful legal error by failing to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony. Although Plaintiff asserts that, as a result of this error, his testimony should be credited as true and this case should be remanded for an award of benefits, "a reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony." *Treichler*, 775 F.3d at 1106. The court must instead undertake the requisite four-part inquiry to determine the appropriate disposition of the case. *Dominguez v. Colvin,* 808 F.3d 403, 407-408 (9th Cir. 2015)(citations omitted).

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Garrison*, 759 F.3d at 1021 (citations omitted). Even if all three of these elements are met, the district court "may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether a claimant is, in fact, disabled within the meaning of the Act." *Dominguez*, 808 F.3d. at 408 (citation and internal quotation marks omitted).

Accordingly, this court must next determine whether "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison*, 759 F3d. at 1020. "[I]f the record raises crucial questions as to the extent of a claimant's impairment given inconsistences between his testimony and the medical evidence," the issues should be resolved by the ALJ in further proceedings. *Treichler*, 775 F.3d at 1105.

As noted by the Commissioner, Plaintiff's testimony regarding fatigue is inconsistent with numerous examination reports that reflect Plaintiff presented as well, well, nourished, in no acute distress and without fatigue. There is also an inconsistency between Plaintiff's testimony that sleep "is the only thing that really helps" his pain and his statements to providers that he smoked marijuana and methamphetamine to help with pain and repeatedly requested refills of his pain prescription, Norco. Finally, as correctly noted by the Commissioner, there is no medical opinion in the record that sets out limitations more restrictive than that found by the ALJ. "The touchstone for an award of benefits is the existence of a disability" rather than an ALJ's error. *Brown-Hunter*, 806 F.3d 487, 495 (citations omitted). Resolving these inconsistencies lies within the purview of the ALJ.

As there are outstanding issues which require resolution, the court does not reach the third question of whether a finding of disability would be required if the improperly discredited testimony were credited as true. *See, e.g. Treichler*, 775 F.3d at 1107 (declining to reach the third step of the analysis where Plaintiff failed to satisfy the second step). Further proceedings are warranted here. Upon remand, the ALJ should be directed to either credit as true Plaintiff's subjective symptom testimony or provide legally sufficient reasons for its rejection. To the extent the testimony is credited, the ALJ should reassess Plaintiff's RFC. Step Four and, if required, Step Five of the sequential evaluation analysis should be reevaluated with the assistance of a

vocational expert as necessary.

## Conclusion

For the reasons set forth above, the Commissioner's decision should be REVERSED, and this action should be REMANDED to the Agency for further proceedings consistent with this findings and recommendation.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 11, 2019. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28th day of August, 2019.

                                                  /s/ John Jelderks
                                                 John Jelderks
                                                 U.S. Magistrate Judge